IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANN DARBY,** | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. SA-12-CA-865-OG** |
| | § | |
| **VIA METROPOLITAN TRANSIT,** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF JOANN DARBY (hereinafter "PLAINTIFF"), by and through her undersigned attorney of record, and, in accordance with AMERICANS WITH DISABILITIES ACT and the FEDERAL RULES OF CIVIL PROCEDURE, files this, his *Original Complaint*, against VIA METROPOLITAN TRANSPORTATION (hereinafter "DEFENDANT"). In support of this cause of action, PLAINTIFF would respectfully show unto the Court the following:

**I.
THE PARTIES**

1. PLAINTIFF JOANN DARBY (hereinafter "DARBY") is a citizen of the United States and a Texas resident located at 4507 Texas River, San Antonio, Texas 78220.

2. DEFENDANT VIA METROPOLITAN TRANSIT is a metropolitan transit authority created according to Article 1118x of the TEXAS CIVIL STATUTES (superseded by Chapter 451 TEXAS TRANSPORTATION CODE) to provide public transportation services within the designated boundaries. DEFENDANT, therefore, is a political subdivision of the State of Texas and is a "covered entity"

as defined by TITLE I of the ADA  The agents and employees of DEFENDANT at all times relevant hereto and in their actions described herein, were acting under color of law and under color of their authority as officials for the State of Texas and Bexar County.  At all relevant times, DEFENDANT has been a covered entity under the ADA, 42 U.S.C. § 12111(2).  DEFENDANT can be served through Mr. Henry R. Munoz, III Chair of the Board of Trustees, 800 West Myrtle Street, San Antonio, Texas 78212.

## II.
## JURISDICTION AND VENUE

3. PLAINTIFF DARBY, on or about December 5, 2011, timely filed a *Charge of Discrimination* against DEFENDANT VIA METROPOLITAN TRANSIT with the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC), case number 451-2012-00496.  A copy of the *Charge of Discrimination* is annexed to *Plaintiff's First Amended Original Complaint* as Exhibit "P-1" and is incorporated by reference as if fully set forth herein.  PLAINTIFF's *Charge of Discrimination* alleged that she had been discriminated against on the basis of her disability in violation of federal law.

4. PLAINTIFF, on or about July 19, 2012, received a *Dismissal and Notice of Rights* letter from the EEOC that indicated, based upon investigation, it was unable to conclude that the information obtained established violations of applicable statutes.  However, the EEOC did assert that "[t]his does not certify that [DEFENDANT] is in compliance with the statutes."  A copy of PLAINTIFF's *Dismissal and Notice of Rights* is annexed to *Plaintiff's First Amended Original Complaint* as Exhibit "P-2" and is incorporated by reference as if fully set forth herein.

5. PLAINTIFF, by filing her *Charge of Discrimination* and receiving her *Dismissal and Notice of Rights*, has complied with all conditions precedent and exhausted all administrative

remedies prior to filing suit. PLAINTIFF filed a *Original Complaint* within ninety (90) days of receiving her *Dismissal and Notice of Rights* letter from the EEOC.

6. PLAINTIFF asserts claims against DEFENDANT for violations of his constitutional and civil rights as guaranteed by, *inter alia*, the ADA, 42 U.S.C. §12111 *et seq.*. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).

7. PLAINTIFF, in addition to federal violations, asserts pendent state law claims against DEFENDANT based on the common law claim of negligent hiring, training and supervision. PLAINTIFF invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C.S. § 1367(a) to consider this state law claim.

8. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the San Antonio Division of the Western District of Texas.

## III.
## STATEMENT OF FACTS

9. PLAINTIFF is an African-American woman who suffers from Attention Deficit Hyperactivity Disorder (ADHD) who began working for DEFENDANT VIA METROPOLITAN TRANSIT AUTHORITY on or about January 24, 2006 as a Shop Attendant. Because that position required PLAINTIFF to obtain a Commercial Driver's License (CDL), PLAINTIFF was eventually promoted to a Bus Operator position–the job she has held since 2008 and which she occupied at the time of the incident the subject of this suit.

10. On or about May 1, 2011, PLAINTIFF was driving her assigned bus (#381) on the 64 route in San Antonio, Texas. According to allegations from DEFENDANT VIA METROPOLITAN TRANSIT, PLAINTIFF while driving the bus made contact with a rock near the entry of SEA

WORLD SAN ANTONIO THEME PARK. PLAINTIFF was placed on probation because of this incident. Shortly thereafter, on or about May 13, 2011, Hector Arias (hereinafter "Arias"), the Safety Supervisor for DEFENDANT VIA METROPOLITAN TRANSIT summoned PLAINTIFF for a meeting at the Safety Department. During this meeting, Arias classified PLAINTIFF'S incident as a "P4"–the lowest on DEFENDANT'S scale of preventable accident classifications.

11. Because she disputed the "contact" allegedly made by her bus, PLAINTIFF, in accordance with DEFENDANT VIA METROPOLITAN TRANSIT'S policies and procedures, appealed Arias' decision to Raymond Lopez (hereinafter "Lopez"), DEFENDANT'S Manager of Safety. Apparently based on little more than the fact that PLAINTIFF had the audacity to file an appeal, Lopez inexplicably *increased* PLAINTIFF'S culpability and re-classified the incident as a "P3." PLAINTIFF, justifiably, appealed Lopez's decision to Yolanda Cruz (hereinafter "Cruz"), DEFENDANT'S Vice-President of Human Capital and Development.

12. During the pendency of her appeal, PLAINTIFF submitted to an evaluation and counseling at the NUEVA VIDA BEHAVIORAL HEALTH CENTER. The results of the evaluation revealed, *inter alia*, that PLAINTIFF suffered from Attention Deficit Hyperactivity Disorder (ADHD). Believing this information pertinent to the appeal already underway, PLAINTIFF submitted copies of the evaluation results to DEFENDANT'S Employment and Testing Department as well as to the Operations Department. Additionally, PLAINTIFF scheduled a meeting with DEFENDANT'S Equal Employment Opportunity Officer Sylvia Enriquez (hereinafter "Enriquez") to inform her of ADHD results.

13. Somewhat surprisingly, Enriquez specifically warned PLAINTIFF that if this information was mentioned as part of her appeal to Cruz (DEFENDANT'S Vice-President of Human Capital and

Development), PLAINTIFF would lose the appeal. Following Enriquez's advice and recommendation, PLAINTIFF refrained from providing the evaluation results to Cruz as part of her appeal. Shortly thereafter, Cruz upheld Lopez's decision to increase PLAINTIFF'S accident classification to a "P3." As a result, PLAINTIFF was terminated from her position as a bus driver for VIA METROPOLITAN TRANSIT on or about July 20, 2011.

## IV.
## FIRST CLAIM FOR RELIEF

### DISCRIMINATION BY DEFENDANT IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12111 *et seq*.

14. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "13" inclusive, herein, and, in addition, avers that DEFENDANT'S actions constitute a violation of the AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, *et. seq*.

15. Whenever PLAINTIFF pleads that these DEFENDANTS engaged in any act or omission, PLAINTIFF also pleads that DEFENDANTS' officers, agents, servants, employees, or representatives engaged in said act or omission in the course and scope of employment and with the full authorization or ratification of DEFENDANTS.

16. By and through her *First Amended Original Complaint*, PLAINTIFF pleads that DEFENDANT as a direct and proximate result of PLAINTIFF's opposition to practices made unlawful by the AMERICANS WITH DISABILITIES ACT encouraged and permitted, through its acts and omissions, discrimination against PLAINTIFF who was regarded as having a substantially limiting impairment.

17. PLAINTIFF pleads that DEFENDANT, its employees, agents, and representatives,

possessed an immediate obligation and responsibility for preventing their agents and employees from engaging in this type of conduct

18. By and through her *First Amended Original Complaint*, PLAINTIFF pleads that DEFENDANT'S discriminatory conduct denied her the opportunity to remain gainfully employed in violation of the AMERICANS WITH DISABILITIES ACT.

19. PLAINTIFF is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DEFENDANT'S discriminatory practices unless and until this Court grants relief.

## V.
## SECOND CLAIM FOR RELIEF

### NEGLIGENT TRAINING AND SUPERVISION BY DEFENDANT

20. PLAINTIFF restates, realleges and re-avers and hereby incorporates by reference any and all allegations of paragraphs "1" through "19" inclusive, herein, and, in addition, avers that by its actions, DEFENDANT negligently trained, and supervised its employees who violated PLAINTIFF'S rights under the AMERICANS WITH DISABILITIES ACT.

21. Whenever PLAINTIFF pleads that DEFENDANT engaged in any act or omission, PLAINTIFF also pleads that DEFENDANTS' officers, agents, servants, or representatives engaged in said act or omission in the course and scope of employment and with the full authorization or ratification of DEFENDANT.

22. By and through this *First Amended Original Complaint*, PLAINTIFF pleads that DEFENDANT possesses a duty to employees to exercise reasonable care to ensure its employees with supervisory authority are properly trained, and supervised.

23. By and through this *First Amended Original Complaint*, PLAINTIFF pleads that

DEFENDANT, through its negligent acts and omissions, proximately caused actions to be taken against PLAINTIFF. PLAINTIFF is now suffering and will continue to suffer irreparable injury and monetary damages as a result of DEFENDANT'S practices unless and until this Court grants relief.

## VI.
## DAMAGES

24. By and through this *First Amended Original Complaint*, PLAINTIFF pleads that DEFENDANT and its agents, employees, and representatives have caused PLAINTIFF grievous harm and damages. As a direct and proximate result of their violation of federal and state law, DEFENDANT has caused PLAINTIFF to suffer by terminating her employment. PLAINTIFF is entitled to pecuniary damages to be determined at inquest.

25. By and through this *First Amended Original Complaint*, PLAINTIFF pleads that DEFENDANT has caused her to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, low self-esteem, humiliation, belittlement, and shame. PLAINTIFF will, in all likelihood and for the balance of her life, continue to suffer mental anguish. As such PLAINTIFF is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

26. By and through this *First Amended Original Complaint*, PLAINTIFF pleads that DEFENDANT violated PLAINTIFF's civil rights with malice or reckless indifference to her federally-protected rights. As such, PLAINTIFF is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

27. PLAINTIFF was forced to secure the undersigned counsel to protect her civil rights and, therefore, requests an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF JOANN DARBY, prays that, upon final trial on the merits, she recover judgment against DEFENDANT VIA METROPOLITAN TRANSPORT said judgment entitling PLAINTIFF to:

1. Compensation for all reasonable damages suffered by PLAINTIFF in an amount to be determined upon inquest;

2. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

6. A mandatory injunction forbidding DEFENDANT from violating rights secured by AMERICANS WITH DISABILITIES ACT;

7. Such other and further legal relief, either at law or equity, to which PLAINTIFF may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

        Respectfully submitted,

        THE LAW OFFICE OF VINCENT A. LAZARO
        The Historic Milam Building
        115 E. Travis, Suite 706
        San Antonio, Texas 78205
        (210) 224-2257
        (210) 224-2257 (Telecopier)
        ATTORNEY FOR PLAINTIFF


By:    */s/ Vincent A. Lazaro*
      VINCENT A. LAZARO, ESQ.
      SBN: 00789440